Guadalupe SAUCEDA–CORRALES, Petitioner,

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 03–70645.

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 2, 2004.*

Decided Aug. 11, 2004.

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

Carlos Vellanoweth, Esq., John Wolfgang Gehart, Vellanoweth & Gehart, LLP, Los Angeles, CA, for Petitioner.

Regional Counsel, Laguna Niguel, CA, CAC–District Counsel, Esq., Los Angeles, CA, Ronald E. LeFevre, Chief Legal Officer, San Francisco, CA, David V. Bernal, Attorney, Margaret Taylor, Washington, DC, for Respondent.

Before: REINHARDT, NOONAN, and CLIFTON, Circuit Judges.

## MEMORANDUM **

Petitioner Guadalupe Sauceda–Corrales petitions for review of the denial by the Board of Immigration Appeals ("BIA") of his motion to reopen his application for suspension of deportation based on new evidence. As the parties are familiar with the facts, procedural history, and arguments, we will not recount them here. We review the BIA's decision for the abuse of discretion. *Monjaraz–Munoz v. INS*, 327 F.3d 892, 895 (9th Cir.2003). We grant the petition.

The BIA held that the motion to reopen "essentially restates the claims previously raised and evaluated on appeal and decided by this Board," and that the motion "fails to present significant new evidence ... that would justify granting relief." Both of these statements are incorrect.

Previously, Sauceda–Corrales' claim of hardship to his U.S. citizen children, if he

was deported, was based on the premise that he would leave the children in the United States with their mother and that they would suffer by being raised without him. After the initial decision to deny Sauceda–Corrales' request for suspension of deportation, his wife was ordered deported to Guatamala, and her appeal from that order was dismissed. It is no longer an option for the children to remain in the United States with the mother, since she cannot remain here. Thus, Sauceda–Corrales' claim changed to a contention that his children will suffer hardship because they will no longer be able to live in the United States. That is a different question which requires different analysis. That change in circumstances is a material factor that was previously unavailable. 8 C.F.R. § 1003.2(c)(1).

The petitioner cannot be deemed ineligible for relief on account of overstaying his voluntary departure period, because the IJ who granted him voluntary departure did not give him oral warning of the consequences of failing to depart within the period. *See Ordonez v. INS*, 345 F.3d 777, 784 (9th Cir.2003). The IJ's failure to warn the petitioner is plain from the record.

On remand, the BIA shall grant Sauceda–Corrales' motion to reopen, and shall determine whether he is eligible for suspension of deportation under the current circumstances.

**PETITION GRANTED; MATTER REMANDED.**

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.